UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA PELAYO,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | ) No. ED CV 05-354-PJW<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I.

INTRODUCTION

  Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking reversal of the decision by Defendant Social Security Administration ("the Agency") denying her benefits. Alternatively, she asks the Court to remand the case to the Agency for further proceedings. After reviewing the record and for the reasons discussed below, the decision of the Agency is REVERSED, and the case is REMANDED to the Agency for further proceedings.

II.

SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was, at the time of the administrative hearing, 35-years old, with an eleventh-grade education and no past relevant work. (Administrative Record ("AR") 11, 14, 98, 115.) She protectively filed an application for Supplemental Security Income benefits on March 28, 2003, alleging inability to work since January 1, 1999,[1] due to depression, nerve damage to her back, asthma, chronic bronchitis, hearing loss, and being at risk for congestive heart failure. (AR 96, 98-101, 109). Following denials of her claim at the initial and reconsideration levels (AR 61-64, 70-74), Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (AR 75).

After a hearing on October 24, 2004 (AR 22-42), the ALJ denied Plaintiff's claim, by decision dated November 12, 2004 (AR 10-16.) Following the five-step sequential evaluation procedure outlined in 20 C.F.R. § 416.920(a)(4), the ALJ concluded at step one that Plaintiff had not engaged in any substantial gainful activity since January 1, 1999. At step two, he found that Plaintiff suffered from severe impairments, consisting of asthma, obesity, and depression. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one of the

---

[1] Plaintiff filed a previous application, alleging an onset date of January 1, 1999, which was denied by the ALJ on March 18, 2002, and declined review by the Appeals Council. (AR 46-48; 52-58). Plaintiff sought judicial review of that decision in this Court in *Pelayo v. Barnhart*, CV 04-966. In January 2006, the district court affirmed the Agency's decision denying benefits in that case. This Court takes judicial notice of the decision in that case and notes that the Agency's finding that Plaintiff was not disabled at any time prior to March 18, 2002, is final. (*See* AR 10.)

"Listings" in Appendix 1, Subpart P, 20 C.F.R. Part 404.  The ALJ found that Plaintiff's allegations did not credibly establish limitations greater than he had found, and he determined that Plaintiff retained the residual functional capacity to perform "a range of light work" with additional limitations.  More specifically, he found that Plaintiff was limited to simple, routine, repetitive, non-public tasks at the light exertional level.[2]  He also found that she must be allowed to sit and stand at will; can only crouch or stoop occasionally; cannot squat or bend from the waist to the floor; cannot work in environments having noxious fumes, smoke, or high levels of dust; and cannot climb ladders, ropes, or scaffolds.

The ALJ determined, at step four, that Plaintiff did not have any past relevant work.  (AR 15.)  At step five, he found that, considering Plaintiff's age, education, and residual functional capacity, and relying on vocational expert testimony and Medical-Vocational Rules 202.17 and 201.24, there were a significant number of jobs in the national economy that Plaintiff could perform.  (AR 15-16.)  Accordingly, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act at any time through the date of his decision.  (AR 16.)  Plaintiff requested review by the Appeals Council, which was denied.  (AR 3-5).  She then filed suit in this Court.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [an individual] must have the ability to do substantially all of these activities. . . ."  20 C.F.R. § 416.967(b).

## III.

## ANALYSIS

Plaintiff contends that the ALJ failed to properly consider the treating psychiatrist's opinion of disability, that he failed to properly consider the statements of Plaintiff's sister-in-law, and that the hypothetical question to the vocational expert was incomplete. For the following reasons, the Court concludes that the ALJ erred when he overlooked the testimony of Plaintiff's sister-in-law and, for that reason, remand is required.

A. Standard of Review

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1372(a)(3)(A). The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938).) It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpreta-

tion." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, this Court must not substitute its judgment for that of the ALJ. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the ALJ committed error but the error was harmless, reversal is not required. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)(applying the harmless error standard).

B.  <u>The ALJ Erred When He Failed To Consider The Lay Testimony Of Plaintiff's Sister-In-Law</u>

Plaintiff's sister-in-law Martha Gonzalez--who purportedly lived with Plaintiff--filled out and submitted a questionnaire setting forth what she believed were Plaintiff's limitations and restrictions. (AR 128-35.) The ALJ failed to even mention the existence of the questionnaire in his decision. Plaintiff claims this was error for the ALJ not to consider the questionnaire. The Agency disagrees and argues that, even if it was error, it was harmless error. For the following reasons, the Court sides with Plaintiff.

An ALJ is required to consider lay witness testimony concerning a claimant's ability to work. *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony concerning a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence and cannot be disregarded without comment.[3] *Id.* (citations omitted). For this evidence to be discounted, the ALJ must give reasons that are germane to the witness. *Id.*

---

[3] Though this evidence is routinely referred to as "testimony," it includes written submissions as well. *Id.*

In *Stout*, the claimant's sister testified at the administrative hearing that her brother, the claimant, had impairments which interfered with his ability to work. *Id*. at 1052. The claimant's brother-in-law, who had worked with the claimant, submitted a letter describing how the claimant's impairments affected his work. *Id*. The ALJ concluded that Plaintiff's impairments did not preclude him from working, without even discussing the sister's or the brother-in-law's testimony. *Id*. Though the district court affirmed the ALJ's decision, the Ninth Circuit Court of Appeals reversed. The circuit court held that the ALJ's failure to discuss the lay witness testimony favorable to the claimant was error. *Id*. at 1053-54.

Here, too, the ALJ failed to discuss the testimony of Plaintiff's sister-in-law who lived with Plaintiff. According to her, Plaintiff is not capable of taking care of herself and her children, never mind going to work. (AR 128-35.) The sister-in-law reported that, among other things, Plaintiff cannot go out by herself, has to be reminded to groom herself, and has trouble concentrating. (AR 130-33.) If the sister-in-law's testimony was fully credited, the ALJ could not have arrived at the conclusion that Plaintiff had the residual functional capacity to work. As such, remand is required. *See Stout*, 454 F.3d at 1056.

The Agency argues that the ALJ implicitly rejected the sister-in-law's testimony when he adopted the credibility finding of the first ALJ's decision in Plaintiff's previous case in which that ALJ had considered--and rejected--the testimony of Plaintiff's mother. (Joint Stip. at 14.) The Court disagrees. The first ALJ's rejection of the mother's testimony in a prior hearing in a prior case cannot justify

the second ALJ's rejection of the sister-in-law's testimony in later hearing in this case. *See e.g. Id.* at 1053 (noting that the reasons supporting the rejection of a witness's testimony must be germane to the witness).

Equally non-sensical is Defendant's second argument that the ALJ implicitly rejected the sister-in-law's testimony when he expressly rejected Plaintiff's testimony. (Joint Stip. at 14.) That argument is also rejected. In order for the ALJ to reject the sister-in-law's testimony, he must acknowledge that the sister-in-law submitted a questionnaire and state reasons germane to the sister-in-law and her testimony for discounting it. *Id.*

As to the Agency's final argument--that the error was harmless--that argument is foreclosed by *Stout*. There, the court held:

> [A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.

*Id.* at 1056.

Because this Court cannot conclude that no reasonable ALJ would have found that Plaintiff was disabled if it fully credited the sister-in-law's testimony, it cannot conclude that the error was harmless. For that reason, the ALJ's decision is reversed and the case is remanded for further proceedings consistent with this opinion.

C.  <u>The ALJ Properly Rejected The Opinion Of Plaintiff's Treating Psychiatrist</u>

The ALJ rejected the opinion of Plaintiff's treating psychiatrist that Plaintiff was disabled, finding that the opinion was inconsistent

with the psychiatrist's treatment notes. Plaintiff alleges this was error. The Court disagrees.

The opinion of a treating physician is generally entitled to greater weight than the opinion of a non-treating physician. This is so because the treating physician is employed to cure and has a greater opportunity to know and observe her patient. This is not to say, however, that the opinion of a treating physician is "necessarily conclusive as to either a . . . condition or the ultimate issue of disability." *Magallanes*, 881 F.2d at 751, *citing Rodriguez v. Bowen*, 876 F.2d 759, 761-62 & n. 7 (9th Cir. 1989). Generally, however, if the ALJ chooses to reject the contradicted opinion of a treating physician, he must provide specific and legitimate reasons for doing so. If the opinion is not contradicted, the reasons must be clear and convincing. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

The ALJ rejected Plaintiff's treating psychiatrist's (Dr. Alfonso's) opinion, in part, because it was inconsistent with the treatment record. (AR 13, 34-35.) Plaintiff disagrees with the ALJ's finding. She claims that the treatment notes are, in fact, consistent with Dr. Alfonso's opinion of disability, and cites two entries from August and September 2003, in support of her claim. (Joint Stipulation at 4.) Although the two entries cited by Plaintiff do support Plaintiff's argument, they are exceptions. The entries prior to August 2003, and those after November 4, 2003, indicate that the ALJ's interpretation of the evidence was reasonable. These treatment notes record, for example, that, as part of "the claimant's attempts to obtain assistance for housing" (AR 13), Plaintiff was urged on numerous occasions during the first half of 2003 to undertake volunteer activities which would ultimately lead to obtaining

employment. (AR 213, 214, 215.) Thus, the notes do not indicate that Plaintiff was unable to work. Nor did Plaintiff report to her doctor that this was the case. Within months after her reported decompensation in September 2003, Plaintiff indicated that she was doing better and feeling less depressed. Auditory hallucinations were decreased, and no delusions were noted. (AR 288.) By January 2004, Plaintiff told her doctor that she was gradually increasing her activities. (AR 286, 287.) Even when Plaintiff complained of increasing depression in April 2004, Dr. Alfonso noted that Plaintiff was "still stable on medications." (AR 285.) Accordingly, the ALJ's conclusion that the treatment notes were inconsistent with Dr. Alfonso's opinion of disability are specific and legitimate reasons based on substantial evidence in the record and will not be disturbed. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)(concluding that, if the ALJ's interpretation of the evidence is reasonable, even if it is not the only reasonable interpretation, "it is the ALJ's conclusion which must be upheld."); *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d at 599.

D.   <u>The ALJ's Hypothetical to the Vocational Expert</u>

Plaintiff contends that the ALJ's hypothetical question to the vocational expert was incomplete because it failed to reflect Dr. Alfonso's opinion that Plaintiff had specific mental limitations, including poor concentration, mood lability, and increasing auditory hallucinations. (Joint Stipulation at 16.) Even assuming that these are limitations rather than a recitation of symptoms, Plaintiff's argument is unavailing inasmuch as the hypothetical question to the vocational expert included all of the restrictions which the ALJ found to exist. The ALJ was not required to include in his hypothetical

question those limitations which were properly discounted. *See Batson*, 359 F.3d at 1197; *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that [the claimant] had claimed, but had failed to prove."). However, because the Court is remanding this case to the Agency for further proceedings, it leaves open the question of whether additional testimony from the vocational expert is necessary after the ALJ addresses the impact of the sister-in-law's testimony. If the ALJ credits the sister-in-law's testimony, the hypothetical question posed in the first hearing may need to be changed.

## IV.
## CONCLUSION

For all these reasons, the Agency's decision finding Plaintiff not disabled is reversed and the case is remanded for further proceedings consistent with this opinion.

DATED:    August  25 , 2006.

/s/
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\PELAYO\Memo Opinion_Ord.wpd